COBB, Judge
(dissenting).
I respectfully dissent from the majority’s decision in an unpublished memorandum to order the trial judge to respond.
In this case, after the defendant was convicted of capital murder, the trial court granted his motion for a new trial based on the State’s violations of the discovery order. The trial court stated in its order that “[ijnformation that was ordered produced to the defendant months prior to trial was produced at various and sundry time[s] ranging from six weeks prior to trial, just a few days prior to trial, on the day the trial began, and some discovery was even produced for the first time during the course of the trial.” (Emphasis added.) The trial court added that it was granting the motion
“without the benefit of a hearing being afforded to the State because the State has refused to consent in writing to an extension of the sixty days rule requiring the Court to rule on said motion. The Court has read the State’s response and finds no reason to deny the defendant’s motion.”
The majority’s order requiring the trial court to respond gives credence to the State’s claims in its petition that the trial court did not identify any particular item of evidence; that the trial court had previously denied a pretrial motion to dismiss based on discovery violation grounds;[1] and that the trial court failed to identify “any legal standard” used to evaluate the discovery claims. I find it interesting that the State, which then refused to acquiesce to the extension of the time to rule on the motion for a new trial, now complains of the terseness of the order granting the motion.
I also note that the State has attached several exhibits, including the defendant’s motions concerning the discovery violations, the State’s response, and the trial court’s order.
A petition for a writ of mandamus shall contain
“a statement of the facts necessary to an understanding of the issues presented by the application; a statement of the issues presented and of the relief sought; a statement of the reasons why the writ should issue, with citations to the authorities and the statutes relied on; and copies of any order or opinion or parts of the record that would be essential to an understanding of the matters set forth in the petition.”
Rule 21(a), Ala. R.App. P. “If the court is of the opinion that the writ should not be granted, it shall deny the petition. Otherwise, it shall order that an answer to the petition be filed by the respondents within the time fixed by the order.” Rule 21(b), Ala. R.App. P.
The majority wants to force the trial court to respond to the petition. Neither the majority nor the State cites any legal authority, and I know of none, for the proposition that the trial court is required *171 to respond in this case. I can say, without a doubt, that a trial court would never grant a motion for a new trial in a capital-murder case without giving the matter much thought and consideration. I do not believe that the State has fulfilled its burden of pleading facts sufficient to indicate that the trial court haphazardly and illegally granted the motion for a new trial in this case.
Furthermore, all that we need to render a decision is in the materials before us. I believe that ordering a response is not necessary and would be a waste of the trial court’s valuable time and resources.
Finally, as a related problem, I take issue with the State’s attempting now — in its petition for a writ of mandamus — to offer explanations for its alleged discovery violations that were the basis of the motion for a new trial. The State was allowed to respond to the allegations of discovery violations at trial; a copy of that response has been filed as an exhibit with this petition. The State would have been allowed to respond further at a hearing, but the State refused to allow the hearing to be continued. We should review the trial court’s decision based only on the information and arguments that were before that court at the time of its decision. We should review only those portions of the petition that deal with the State’s assertions regarding thé alleged discrepancies in the trial court’s order and the trial court’s denial of the pretrial motion to dismiss.
For these reasons, I do not believe the trial court should be ordered to waste yet more of its time and resources in responding to this petition; I believe that this Court should rule on the State’s assertions outright. Therefore, I respectfully dissent from the majority’s decision to force the trial judge to answer the mandamus petition.

. I fail to see how this fact has any bearing on the current determinations; as the trial court pointed out, some of the discovery violations did not come to light until trial and, therefore, could not have been the subject of a pretrial motion to dismiss.